IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

Robert C. Marks, Sr.              )
                                  )
        Plaintiff,                )
                                  )
v.                                )        Case No. 1:07-0095
                                  )
State of Tennessee,               )        Judge Trauger
                                  )        Magistrate Judge Bryant
                                  )
        Defendant.                )

**To:    The Honorable Aleta A. Trauger, United States District Judge**

**REPORT AND RECOMMENDATION**

Currently pending in this civil action is defendant the State of Tennessee's motion to dismiss. (Docket Entry No. 4). This motion is supported by memorandum. (Docket Entry No. 5). Plaintiff responded to this motion. (Docket Entry No. 11).

This motion was referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 3). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the defendant's motion be **DENIED** on the ground of a res judicata defense but **GRANTED** on the ground that the court lacks subject matter jurisdiction. Therefore, the Magistrate Judge **RECOMMENDS** that this case be dismissed.

**I. BACKGROUND**

Plaintiff was an attorney whose license was suspended because of disability on December 12, 2002 (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 27.) Plaintiff was a named defendant in *Atkins v. Marks*, a case alleging legal malpractice. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 30.) A judgment was entered against plaintiff in that case and a

postjudgment petition was filed in order to secure payment of the judgment from the proceeds of a trust of which plaintiff is a beneficiary. *Id.* Plaintiff states that after disposition of pretrial motions, a trial on the *Atkins* postjudgment petition began on August 31, 2005, and lasted a full day. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 31.) Plaintiff claims that he contracted an infection in his right foot that resulted in an amputation on September 13 and 16, 2005, and that a preexisting ulcer on his left toe also resulted in an amputation on November 19, 2005. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 32.) A further hearing on the Atkins petition was set for December 20, 2005, and plaintiff claimed that he was too ill to prepare a motion for a continuance of that hearing; therefore, plaintiff filed a Request for Modification by fax with the Administrative Office of the Courts ("AOC"), citing his many medical issues. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 34-39.)

A telephone conference was held on December 20, 2005, between Circuit Judge Hicks, the plaintiff, and the Atkins plaintiffs' attorney; as a result, Judge Hicks continued the hearing to April 13, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 41-42.) The April 13, 2006, hearing was then continued to June 30, 2006, due to plaintiff's amputation in March. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 68.) Plaintiff next filed a Request for Modification on June 26, 2006, seeking to split the remaining proof on the merits in *Atkins v. Marks* into hearings not lasting an entire day. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 70.) The Local Judicial Program Americans with Disabilities Act ("ADA") Coordinator denied plaintiff's request, saying that it was a judicial matter not within the scope of Rule 45 because neither a physical barrier affecting or nor an auxiliary aid needed by the plaintiff was involved. *Id.* The court appealed the decision on its own initiative, limited the

2

hearing time for the June 30, 2006, hearing to three hours, and set the second three-hour hearing for July 13, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 72, 78.) Plaintiff claims that he needed to subpoena more witnesses before the July 13, 2006, hearing and the court shortened the period for issuance of subpoenas, then quashed two of the three subpoenas as being unreasonable and oppressive as to timing. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 78.) Plaintiff also claims that the AOC refused a Request for Modification to give plaintiff thirty days prior to the next hearing to recuperate his health and subpoena the remaining witnesses. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 80.) Following the July 13, 2006, hearing, the court issued a memorandum opinion on September 14, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 81.) Plaintiff alleges that the opinion improperly complained about the delays in the case due to the modifications and accommodations. *Id.* The plaintiff also claims that the AOC instructed him not to contact senior management of the AOC even though its website states that qualified individuals with a disability have a right to do so. Judgment on the petition was entered against plaintiff on October 16, 2006, and an appeal of that judgment is pending before the Tennessee Court of Appeals in Nashville. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 30.)

Plaintiff filed his first complaint in this court on December 29, 2006; dismissal of that complaint was ordered on August 28, 2007, based on the *Rooker-Feldman* doctrine. (Docket Entry No. 5, Ex. A. Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) The district court denied plaintiff's Motion to Alter or Amend the Judgment on November 20, 2007, and plaintiff

has appealed the dismissal of his case to the Sixth Circuit Court of Appeals. (Docket Entry No.

3

5, Ex. A. Order dismissing Plaintiff's Dec. 29, 2006, Complaint.)

Plaintiff now brings a second complaint in this court, alleging that the State breached its contractual duties under an Agreed Order of Dismissal and accompanying Compromise and Settlement Agreement in the case of *Lane v. State of Tennessee*, United States District Court, Middle District of Tennessee, Case No. 3:99-0731 ("the *Lane* Agreement"). (Complaint ¶¶ 1-50.) Plaintiff alleges that defendant State of Tennessee violated the ADA policy it instituted pursuant to the *Lane* Agreement by not posting notices, not properly training clerks, and not properly handling his various Requests for Modification under the ADA policy during the Atkins v. Marks proceedings. (Complaint ¶¶ 33-50.) Plaintiff claims that jurisdiction is appropriate under 28 U.S.C. § 1331 because the breach of contract allegedly resulted in ADA statutory violations, and also because the court retains ancillary jurisdiction over the *Lane* Agreement. (Complaint ¶¶ 3-4.) Plaintiff also states that he is a third-party beneficiary who has standing under Federal Rule of Civil Procedure 71 as a nonparty seeking to enforce court orders in the same manner as a party. (Complaint ¶ 5.)

## II. ANALYSIS

### A. Res Judicata

The doctrine of res judicata encompasses both claim preclusion and issue preclusion or collateral estoppel. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were asserted or could have been asserted in an earlier action between the same parties. *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). Under issue preclusion, "once an issue is actually and necessarily

4

determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata is established by four elements: (1) a final decision on the merits in an earlier action by a court of competent jurisdiction; (2) a later action involves the same parties or their privies; (3) the later action raises issues that were or could have been asserted in the earlier action; and (4) there is an identity of the causes of action. *Sanders Confectionary Prods., Inc.*, 973 F.2d at 480.

Plaintiff's previous complaint in *Marks v. State of Tennessee,* Case No. 3:06-cv-1208, was filed on December 29, 2006, and included plaintiff's claim that he is a qualified individual with a disability under the Americans with Disabilities Act ("ADA") (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 21.). Plaintiff brought this complaint under Title II of the ADA, and he specifically invoked the *Lane* Agreement in his interpretation of the ADA Judicial Policy pursuant to the *Lane* Agreed Order of Dismissal. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 1, 43-70.) Plaintiff alleged that the defendant State of Tennessee was not following its ADA policy by not posting notices of the policy in various courthouses, by not posting notices of the policy on summonses and subpoenas, by not properly posting the ADA policy on the AOC's website, by not posting the names of new ADA coordinators quickly enough, by not teaching the ADA policy, and by otherwise not implementing the ADA policy. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 59-66.) This December 29, 2006, complaint was dismissed by the district court on August 28, 2007. (Docket Entry No. 5, Ex. A, Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) The Court found that the *Rooker-Feldman* doctrine applied because plaintiff currently has a pending state court appeal of the state court

judgment rendered against him. *Id.* The district court concluded that the plaintiff was presenting

his ADA claims to the Tennessee Court of Appeals and to the district court, and that whether the

trial judge correctly ruled on continuances in plaintiff's state court case is an issue for the

Tennessee appellate courts; therefore, the *Rooker-Feldman* doctrine applied and the defendant's

motion to dismiss was granted. *Id.* The district court denied plaintiff's Motion to Alter or Amend

the Judgment on November 20, 2007, and the plaintiff is appealing that order to the Sixth Circuit

Court of Appeals. (Docket Entry No. 5, Ex. C. Order denying Plaintiff's Motion to Alter or

Amend.)

   In the present complaint, plaintiff, apparently a qualified individual with a disability,

brings an action for breach of contract against the State of Tennessee as an intended third-party

beneficiary of the *Lane* Agreement. Just as in his previous complaint, plaintiff claims the State of

Tennessee did not follow the ADA policy it instituted pursuant to the *Lane* order of dismissal.

(Complaint ¶¶ 33-50.)While the current action involves the same parties, the same issues that

were or could have been asserted in the earlier action, and the same causes of action as plaintiff's

previous complaint, for *res judicata* to operate there also must be a final decision on the merits in

an earlier action by a court of competent jurisdiction. *Sanders Confectionary Prods., Inc.*, 973

F.2d at 480. Dismissal based on lack of subject matter jurisdiction is generally not considered a

judgment on the merits for claim preclusion purposes. 21A Fed. Proc., L. Ed. § 51:249.

Plaintiff's previous December 29, 2006, complaint was dismissed by the district court based on

the *Rooker-Feldman* doctrine. If a dismissal is based on *Rooker-Feldman*, the case or proceeding

is dismissed based on jurisdictional grounds and not on the merits. *In re Levy*, 250 B.R. 638

(Bankr. W.D. Tenn. 2000); *See also Hart v. Comerica Bank*, 957 F.Supp. 958, 973 (E.D. Mich.

6

1997). Therefore, due to plaintiff's prior complaint being dismissed on jurisdictional grounds, the current complaint cannot be barred by *res judicata* because there was not a previous final decision on the merits.

## B. Lack of Subject Matter Jurisdiction

Defendant argues that this court does not have subject matter jurisdiction based on plaintiff's lack of standing as a third-party beneficiary. The undersigned agrees, albeit based on other grounds as well, and finds that this court lacks subject matter jurisdiction to hear plaintiff's claim. Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of jurisdiction over the subject matter. The "first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Douglas v. E.G. Baldwin & Assoc.*, 150 F.3d 604, 607 (6th Cir. 1998). Federal Rule of Civil Procedure 12(h)(3) states that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Plaintiff's previous complaint based on alleged violations of Title II of the ADA deprived the district court of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because the issue was already on appeal with the Tennessee appellate courts. In order to avoid the *Rooker-Feldman* doctrine, the plaintiff has now alleged breach of contract. Plaintiff alleges his breach of contract claim is appropriate under 28 U.S.C. § 1331 based on (a) the resulting ADA statutory violations and (b) because the court has inherent jurisdiction to enforce the *Lane* Agreement in a nonparty's favor pursuant to Federal Rule of Civil Procedure 71.

Plaintiff alleges breach of contract pursuant to the *Lane* Agreement, which is a state law

7

cause of action. However, plaintiff claims that jurisdiction is appropriate under 28 U.S.C. § 1331 because the breach of contract allegedly resulted in ADA statutory violations. Such alleged ADA violations are identical to his previous December 29, 2006, complaint that was dismissed by the district court because they have been raised in a pending state court appeal. (Docket Entry No. 5, Ex. A, Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) These allegations cannot support "breach of contract" subject matter jurisdiction here as underlying federal questions in relation to 28 U.S.C. § 1331. Moreover, the context in which such ADA statutory violations allegedly occurred are unreviewable here because of the *Rooker-Feldman* doctrine, as found by District Judge Haynes. Plaintiff also alleges that subject matter jurisdiction in this court is proper based on the doctrine of ancillary jurisdiction which recognizes federal courts' jurisdiction over some matters otherwise beyond their competence that are incidental to other matters properly before them. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378 (1994). Plaintiff argues that the court has such inherent jurisdiction to enforce the *Lane* Agreement as it applies to him.

In *Kokkonen*, the court ruled:

> When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper, the parties' compliance with the terms of the settlement contract (or the court's retention of jurisdiction over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order *or*, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id*. at 381-82.

Plaintiff has interpreted *Kokkonen* to mean that only when the order of dismissal does not

8

so much as mention the settlement agreement - the exact situation in *Kokkonen* - is it conclusively presumed that the court has no inherent jurisdiction. The plaintiff reads this case too restrictively. The undersigned does not believe that *Kokkonen* is limited only to its facts, as the Supreme Court never stated that the ruling is strictly limited to the factual scenario presented. In *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000), the Sixth Circuit reviewed the district court's attempt to distinguish *Kokkonen* by noting that the dismissal order in *Kokkonen* "did not so much as refer to the settlement agreement," while the order of dismissal in the *Caudill* case referenced the agreement with language stating "pursuant to the Settlement Agreement." *Id.* The trial court's argument in *Caudill* takes the same restrictive view of *Kokkonen* as that of the present plaintiff. In *Caudill*, the Sixth Circuit articulated that it adopts the Third and Eighth Circuits' interpretation of *Kokkonen*, and that the lower court's distinction is in direct conflict with such interpretation, wherein it was held that, "The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" *Id.* (citing *In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 274 (3rd Cir. 1999)) (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995)).Therefore, plaintiff's argument that only when the order of dismissal does not mention the settlement agreement is it conclusively presumed that the court has no inherent jurisdiction is in direct conflict with the Sixth Circuit's less restrictive interpretation of *Kokkonen*.

In the instant case, the dismissal in *Lane* was pursuant to Federal Rule of Civil Procedure

9

41 (a)(1)(ii); therefore, in order for the district court to retain jurisdiction, it must have either (1) embodied the settlement contract in its dismissal order, or (2) retained jurisdiction by the parties' agreement. *Kokkonen,* 511 U.S. 375, 391-382. While the *Lane* Agreement was appended to the *Lane* order of dismissal, the undersigned finds that mere attachment and reference to the settlement agreement in the order, and nothing more, does not suffice to *embody* the settlement. The Sixth Circuit has "joined other circuits in strictly applying *Kokkonen's* relatively narrow interpretation of a district court's ancillary jurisdiction to enforce settlement agreements terminating litigation." *McAlpin v. Lexington 76 Auto Truck Stop, Inc*., 229 F.3d 491, 502 (6th Cir. 2000). The Sixth Circuit has noted that in *Kokkonen*, the parties' obligation to comply with the terms of the settlement agreement was not "made part" of the order of dismissal, either by a separate provision "retaining jurisdiction" over the settlement agreement, or by "incorporating" the terms of the settlement agreement into the order. *Caudill*, 200 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 381). Had the *Kokkonen* district court done so, a "breach of the agreement would be a violation of the order and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* In the present case, the *Lane* district court likewise did not embody or incorporate the Settlement Agreement into the order, and a breach of the agreement is therefore not a violation of the order. Moreover, the parties did not express an agreement to reserve jurisdiction in the district court for enforcement of the agreement. The Supreme Court ruled that "absent such actions, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* Therefore, the undersigned Magistrate Judge finds

that this court did not retain ancillary jurisdiction over the *Lane* Agreement, and, moreover, that

there is no independent basis for federal jurisdiction, as discussed above.

Plaintiff also argues that he is a third-party beneficiary with standing under Federal Rule of Civil Procedure 71 as a nonparty seeking to enforce court orders in the same manner as a party. Rule 71 states that "when an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." While plaintiff is indeed a nonparty, the *Lane* dismissal order, entered by the district court, does not grant relief for the plaintiff or any other nonparty. Rule 71 therefore has no application to this case. *Cf. In re Employment Discrimination Litigation Against State of Alabama*, 213 F.R.D. 592 (M.D. Ala. 2003) (denying right of nonparty minorities to seek relief from discrimination in state employment under prior injunction against such discrimination, where prior order enjoining state did not specifically identify nonparties as beneficiaries, and neither language of Rule 71 nor its formative or interpretive histories counsel against the requirement that nonparty beneficiaries be specifically identified in prior order). [1]

Even if Rule 71 did apply in the present case, the Sixth Circuit has definitively ruled that even intended third-party beneficiaries lack standing to seek enforcement of agreements they are not signatory to. *Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994). The Supreme Court has likewise ruled that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even thought they were intended to be benefitted by it." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 750 (1975). Moreover, the

---

[1] It is perhaps significant that the court reached this conclusion after noting the ambiguity of Rule 71's application to orders "made in favor of" nonparties. The language of the rule was changed with the 2007 amendments to the Federal Rules, so that it now applies "[w]hen an order grants relief for a nonparty..." This change was intended to be stylistic only, but appears to have removed some of the ambiguity from the situation here, in the undersigned's view.

11

plaintiff was not an intended third-party beneficiary despite allegedly being a qualified individual with a disability. The *Lane* case was not granted class action status because of the individualized, diverse issues respecting both liability and relief. The district court, in denying class action certification, specifically did not intend for third parties to be beneficiaries of the Settlement Agreement. Therefore, plaintiff has no standing under Rule 71 because the order at issue does not grant relief to any nonparty, nor does he have standing as a third-party beneficiary because (1) the Sixth Circuit has specifically ruled that even intended third-party beneficiaries lack standing and (2) the *Lane* Agreement does not grant relief to such third parties.

In light of this court's lack of subject matter jurisdiction to hear plaintiff's claim, the undersigned finds it unnecessary to discuss defendant's Federal Rule 12(b)(6) motion to dismiss for failure to state a claim.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss be **DENIED** in regards to its *res judicata* argument but **GRANTED** on the ground that the court lacks subject matter jurisdiction, and therefore, that this case be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v.*

*Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 18th day of July, 2008.


/s/   John S. Bryant
John S. Bryant
United States Magistrate Judge

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

Robert C. Marks, Sr.    )
          )
  Plaintiff,     )
          )
v.          )  Case No. 1:07-0095
          )
State of Tennessee,    )  Judge Trauger
          )  Magistrate Judge Bryant
          )
    Defendant.   )

**To: The Honorable Aleta A. Trauger, United States District Judge**

## REPORT AND RECOMMENDATION

Currently pending in this civil action is defendant the State of Tennessee's motion to dismiss. (Docket Entry No. 4). This motion is supported by memorandum. (Docket Entry No. 5). Plaintiff responded to this motion. (Docket Entry No. 11).

This motion was referred to the undersigned Magistrate Judge for report and recommendation. (Docket Entry No. 3). For the reasons set forth below, the Magistrate Judge **RECOMMENDS** that the defendant's motion be **DENIED** on the ground of a res judicata defense but **GRANTED** on the ground that the court lacks subject matter jurisdiction. Therefore, the Magistrate Judge **RECOMMENDS** that this case be dismissed.

## I. BACKGROUND

Plaintiff was an attorney whose license was suspended because of disability on December 12, 2002 (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 27.) Plaintiff was a named defendant in *Atkins v. Marks*, a case alleging legal malpractice. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 30.) A judgment was entered against plaintiff in that case and a

postjudgment petition was filed in order to secure payment of the judgment from the proceeds of a trust of which plaintiff is a beneficiary. *Id.* Plaintiff states that after disposition of pretrial motions, a trial on the *Atkins* postjudgment petition began on August 31, 2005, and lasted a full day. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 31.) Plaintiff claims that he contracted an infection in his right foot that resulted in an amputation on September 13 and 16, 2005, and that a preexisting ulcer on his left toe also resulted in an amputation on November 19, 2005. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 32.) A further hearing on the Atkins petition was set for December 20, 2005, and plaintiff claimed that he was too ill to prepare a motion for a continuance of that hearing; therefore, plaintiff filed a Request for Modification by fax with the Administrative Office of the Courts ("AOC"), citing his many medical issues. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 34-39.)

A telephone conference was held on December 20, 2005, between Circuit Judge Hicks, the plaintiff, and the Atkins plaintiffs' attorney; as a result, Judge Hicks continued the hearing to April 13, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 41-42.) The April 13, 2006, hearing was then continued to June 30, 2006, due to plaintiff's amputation in March. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 68.) Plaintiff next filed a Request for Modification on June 26, 2006, seeking to split the remaining proof on the merits in *Atkins v. Marks* into hearings not lasting an entire day. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 70.) The Local Judicial Program Americans with Disabilities Act ("ADA") Coordinator denied plaintiff's request, saying that it was a judicial matter not within the scope of Rule 45 because neither a physical barrier affecting or nor an auxiliary aid needed by the plaintiff was involved. *Id.* The court appealed the decision on its own initiative, limited the

Case 1:07-cv-00095   Document 20   Filed 07/18/08   Page 15 of 26 PageID #: 263

hearing time for the June 30, 2006, hearing to three hours, and set the second three-hour hearing for July 13, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 72, 78.) Plaintiff claims that he needed to subpoena more witnesses before the July 13, 2006, hearing and the court shortened the period for issuance of subpoenas, then quashed two of the three subpoenas as being unreasonable and oppressive as to timing.  (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 78.) Plaintiff also claims that the AOC refused a Request for Modification to give plaintiff thirty days prior to the next hearing to recuperate his health and subpoena the remaining witnesses. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 80.) Following the July 13, 2006, hearing, the court issued a memorandum opinion on September 14, 2006. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 81.) Plaintiff alleges that the opinion improperly complained about the delays in the case due to the modifications and accommodations. *Id.* The plaintiff also claims that the AOC instructed him not to contact senior management of the AOC even though its website states that qualified individuals with a disability have a right to do so. Judgment on the petition was entered against plaintiff on October 16, 2006, and an appeal of that judgment is pending before the Tennessee Court of Appeals in Nashville. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶ 30.)

Plaintiff filed his first complaint in this court on December 29, 2006; dismissal of that complaint was ordered on August 28, 2007,  based on the *Rooker-Feldman* doctrine. (Docket Entry No. 5, Ex. A. Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) The district court denied plaintiff's Motion to Alter or Amend the Judgment on November 20, 2007, and plaintiff

has appealed the dismissal of his case to the Sixth Circuit Court of Appeals. (Docket Entry No.

3

5, Ex. A. Order dismissing Plaintiff's Dec. 29, 2006, Complaint.)

Plaintiff now brings a second complaint in this court, alleging that the State breached its contractual duties under an Agreed Order of Dismissal and accompanying Compromise and Settlement Agreement in the case of *Lane v. State of Tennessee*, United States District Court, Middle District of Tennessee, Case No. 3:99-0731 ("the *Lane* Agreement"). (Complaint ¶¶ 1-50.) Plaintiff alleges that defendant State of Tennessee violated the ADA policy it instituted pursuant to the *Lane* Agreement by not posting notices, not properly training clerks, and not properly handling his various Requests for Modification under the ADA policy during the Atkins v. Marks proceedings. (Complaint ¶¶ 33-50.) Plaintiff claims that jurisdiction is appropriate under 28 U.S.C. § 1331 because the breach of contract allegedly resulted in ADA statutory violations, and also because the court retains ancillary jurisdiction over the *Lane* Agreement. (Complaint ¶¶ 3-4.) Plaintiff also states that he is a third-party beneficiary who has standing under Federal Rule of Civil Procedure 71 as a nonparty seeking to enforce court orders in the same manner as a party. (Complaint ¶ 5.)

## II. ANALYSIS

### A. Res Judicata

The doctrine of res judicata encompasses both claim preclusion and issue preclusion or collateral estoppel. *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits precludes a party from relitigating claims that were asserted or could have been asserted in an earlier action between the same parties. *Sanders Confectionary Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993). Under issue preclusion, "once an issue is actually and necessarily

determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Res judicata is established by four elements: (1) a final decision on the merits in an earlier action by a court of competent jurisdiction; (2) a later action involves the same parties or their privies; (3) the later action raises issues that were or could have been asserted in the earlier action; and (4) there is an identity of the causes of action. *Sanders Confectionary Prods., Inc.*, 973 F.2d at 480.

Plaintiff's previous complaint in *Marks v. State of Tennessee,* Case No. 3:06-cv-1208, was filed on December 29, 2006, and included plaintiff's claim that he is a qualified individual with a disability under the Americans with Disabilities Act ("ADA") (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 21.). Plaintiff brought this complaint under Title II of the ADA, and he specifically invoked the *Lane* Agreement in his interpretation of the ADA Judicial Policy pursuant to the *Lane* Agreed Order of Dismissal. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 1, 43-70.) Plaintiff alleged that the defendant State of Tennessee was not following its ADA policy by not posting notices of the policy in various courthouses, by not posting notices of the policy on summonses and subpoenas, by not properly posting the ADA policy on the AOC's website, by not posting the names of new ADA coordinators quickly enough, by not teaching the ADA policy, and by otherwise not implementing the ADA policy. (Docket Entry No. 5, Ex. B, Dec. 29, 2006 Complaint ¶¶ 59-66.) This December 29, 2006, complaint was dismissed by the district court on August 28, 2007. (Docket Entry No. 5, Ex. A, Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) The Court found that the *Rooker-Feldman* doctrine applied because plaintiff currently has a pending state court appeal of the state court

5

judgment rendered against him. *Id.* The district court concluded that the plaintiff was presenting his ADA claims to the Tennessee Court of Appeals and to the district court, and that whether the trial judge correctly ruled on continuances in plaintiff's state court case is an issue for the Tennessee appellate courts; therefore, the *Rooker-Feldman* doctrine applied and the defendant's motion to dismiss was granted. *Id.* The district court denied plaintiff's Motion to Alter or Amend the Judgment on November 20, 2007, and the plaintiff is appealing that order to the Sixth Circuit Court of Appeals. (Docket Entry No. 5, Ex. C. Order denying Plaintiff's Motion to Alter or Amend.)

In the present complaint, plaintiff, apparently a qualified individual with a disability, brings an action for breach of contract against the State of Tennessee as an intended third-party beneficiary of the *Lane* Agreement. Just as in his previous complaint, plaintiff claims the State of Tennessee did not follow the ADA policy it instituted pursuant to the *Lane* order of dismissal. (Complaint ¶¶ 33-50.)While the current action involves the same parties, the same issues that were or could have been asserted in the earlier action, and the same causes of action as plaintiff's previous complaint, for *res judicata* to operate there also must be a final decision on the merits in an earlier action by a court of competent jurisdiction. *Sanders Confectionary Prods., Inc.*, 973 F.2d at 480. Dismissal based on lack of subject matter jurisdiction is generally not considered a judgment on the merits for claim preclusion purposes. 21A Fed. Proc., L. Ed. § 51:249. Plaintiff's previous December 29, 2006, complaint was dismissed by the district court based on the *Rooker-Feldman* doctrine. If a dismissal is based on *Rooker-Feldman*, the case or proceeding is dismissed based on jurisdictional grounds and not on the merits. *In re Levy*, 250 B.R. 638 (Bankr. W.D. Tenn. 2000); *See also Hart v. Comerica Bank*, 957 F.Supp. 958, 973 (E.D. Mich.

6

1997). Therefore, due to plaintiff's prior complaint being dismissed on jurisdictional grounds, the current complaint cannot be barred by *res judicata* because there was not a previous final decision on the merits.

<u>B. Lack of Subject Matter Jurisdiction</u>

Defendant argues that this court does not have subject matter jurisdiction based on plaintiff's lack of standing as a third-party beneficiary. The undersigned agrees, albeit based on other grounds as well, and finds that this court lacks subject matter jurisdiction to hear plaintiff's claim. Federal Rule of Civil Procedure 12(b)(1) governs dismissal of lawsuits for lack of jurisdiction over the subject matter. The "first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." *Douglas v. E.G. Baldwin & Assoc.*, 150 F.3d 604, 607 (6th Cir. 1998). Federal Rule of Civil Procedure 12(h)(3) states that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.

Plaintiff's previous complaint based on alleged violations of Title II of the ADA deprived the district court of subject matter jurisdiction based on the *Rooker-Feldman* doctrine because the issue was already on appeal with the Tennessee appellate courts. In order to avoid the *Rooker-Feldman* doctrine, the plaintiff has now alleged breach of contract. Plaintiff alleges his breach of contract claim is appropriate under 28 U.S.C. § 1331 based on (a) the resulting ADA statutory violations and (b) because the court has inherent jurisdiction to enforce the *Lane* Agreement in a nonparty's favor pursuant to Federal Rule of Civil Procedure 71.

Plaintiff alleges breach of contract pursuant to the *Lane* Agreement, which is a state law

7

cause of action. However, plaintiff claims that jurisdiction is appropriate under 28 U.S.C. § 1331 because the breach of contract allegedly resulted in ADA statutory violations. Such alleged ADA violations are identical to his previous December 29, 2006, complaint that was dismissed by the district court because they have been raised in a pending state court appeal. (Docket Entry No. 5, Ex. A, Order dismissing Plaintiff's Dec. 29, 2006, Complaint.) These allegations cannot support "breach of contract" subject matter jurisdiction here as underlying federal questions in relation to 28 U.S.C. § 1331. Moreover, the context in which such ADA statutory violations allegedly occurred are unreviewable here because of the *Rooker-Feldman* doctrine, as found by District Judge Haynes. Plaintiff also alleges that subject matter jurisdiction in this court is proper based on the doctrine of ancillary jurisdiction which recognizes federal courts' jurisdiction over some matters otherwise beyond their competence that are incidental to other matters properly before them. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 378 (1994). Plaintiff argues that the court has such inherent jurisdiction to enforce the *Lane* Agreement as it applies to him.

In *Kokkonen*, the court ruled:

> When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), which specifies that the action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper, the parties' compliance with the terms of the settlement contract (or the court's retention of jurisdiction over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order *or*, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

*Id*. at 381-82.

Plaintiff has interpreted *Kokkonen* to mean that only when the order of dismissal does not

so much as mention the settlement agreement - the exact situation in *Kokkonen* - is it conclusively presumed that the court has no inherent jurisdiction. The plaintiff reads this case too restrictively. The undersigned does not believe that *Kokkonen* is limited only to its facts, as the Supreme Court never stated that the ruling is strictly limited to the factual scenario presented. In *Caudill v. North American Media Corp.*, 200 F.3d 914, 917 (6th Cir. 2000), the Sixth Circuit reviewed the district court's attempt to distinguish *Kokkonen* by noting that the dismissal order in *Kokkonen* "did not so much as refer to the settlement agreement," while the order of dismissal in the *Caudill* case referenced the agreement with language stating "pursuant to the Settlement Agreement." *Id.* The trial court's argument in *Caudill* takes the same restrictive view of *Kokkonen* as that of the present plaintiff. In *Caudill*, the Sixth Circuit articulated that it adopts the Third and Eighth Circuits' interpretation of *Kokkonen*, and that the lower court's distinction is in direct conflict with such interpretation, wherein it was held that, "The phrase 'pursuant to the terms of the Settlement' fails to incorporate the terms of the Settlement agreement into the order because '[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order.'" *Id.* (citing *In re Phar-Mor, Inc. Securities Litigation*, 172 F.3d 270, 274 (3rd Cir. 1999)) (quoting *Miener v. Missouri Dep't of Mental Health*, 62 F.3d 1126, 1128 (8th Cir. 1995)).Therefore, plaintiff's argument that only when the order of dismissal does not mention the settlement agreement is it conclusively presumed that the court has no inherent jurisdiction is in direct conflict with the Sixth Circuit's less restrictive interpretation of *Kokkonen*.

In the instant case, the dismissal in *Lane* was pursuant to Federal Rule of Civil Procedure

9

41 (a)(1)(ii); therefore, in order for the district court to retain jurisdiction, it must have either (1) embodied the settlement contract in its dismissal order, or (2) retained jurisdiction by the parties' agreement. *Kokkonen,* 511 U.S. 375, 391-382. While the *Lane* Agreement was appended to the *Lane* order of dismissal, the undersigned finds that mere attachment and reference to the settlement agreement in the order, and nothing more, does not suffice to *embody* the settlement. The Sixth Circuit has "joined other circuits in strictly applying *Kokkonen's* relatively narrow interpretation of a district court's ancillary jurisdiction to enforce settlement agreements terminating litigation." *McAlpin v. Lexington 76 Auto Truck Stop, Inc*., 229 F.3d 491, 502 (6th Cir. 2000). The Sixth Circuit has noted that in *Kokkonen*, the parties' obligation to comply with the terms of the settlement agreement was not "made part" of the order of dismissal, either by a separate provision "retaining jurisdiction" over the settlement agreement, or by "incorporating" the terms of the settlement agreement into the order. *Caudill*, 200 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 381). Had the *Kokkonen* district court done so, a "breach of the agreement would be a violation of the order and ancillary jurisdiction to enforce the agreement would therefore exist." *Id.* In the present case, the *Lane* district court likewise did not embody or incorporate the Settlement Agreement into the order, and a breach of the agreement is therefore not a violation of the order. Moreover, the parties did not express an agreement to reserve jurisdiction in the district court for enforcement of the agreement. The Supreme Court ruled that "absent such actions, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." *Id.* Therefore, the undersigned Magistrate Judge finds

that this court did not retain ancillary jurisdiction over the *Lane* Agreement, and, moreover, that

10

there is no independent basis for federal jurisdiction, as discussed above.

Plaintiff also argues that he is a third-party beneficiary with standing under Federal Rule of Civil Procedure 71 as a nonparty seeking to enforce court orders in the same manner as a party. Rule 71 states that "when an order grants relief for a nonparty or may be enforced against a nonparty, the procedure for enforcing the order is the same as for a party." While plaintiff is indeed a nonparty, the *Lane* dismissal order, entered by the district court, does not grant relief for the plaintiff or any other nonparty. Rule 71 therefore has no application to this case. *Cf. In re Employment Discrimination Litigation Against State of Alabama*, 213 F.R.D. 592 (M.D. Ala. 2003) (denying right of nonparty minorities to seek relief from discrimination in state employment under prior injunction against such discrimination, where prior order enjoining state did not specifically identify nonparties as beneficiaries, and neither language of Rule 71 nor its formative or interpretive histories counsel against the requirement that nonparty beneficiaries be specifically identified in prior order). [1]

Even if Rule 71 did apply in the present case, the Sixth Circuit has definitively ruled that even intended third-party beneficiaries lack standing to seek enforcement of agreements they are not signatory to. *Aiken v. City of Memphis*, 37 F.3d 1155, 1167 (6th Cir. 1994). The Supreme Court has likewise ruled that "a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even thought they were intended to be benefitted by it." *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 750 (1975). Moreover, the

---

[1] It is perhaps significant that the court reached this conclusion after noting the ambiguity of Rule 71's application to orders "made in favor of" nonparties. The language of the rule was changed with the 2007 amendments to the Federal Rules, so that it now applies "[w]hen an order grants relief for a nonparty..." This change was intended to be stylistic only, but appears to have removed some of the ambiguity from the situation here, in the undersigned's view.

11

plaintiff was not an intended third-party beneficiary despite allegedly being a qualified individual with a disability. The *Lane* case was not granted class action status because of the individualized, diverse issues respecting both liability and relief. The district court, in denying class action certification, specifically did not intend for third parties to be beneficiaries of the Settlement Agreement. Therefore, plaintiff has no standing under Rule 71 because the order at issue does not grant relief to any nonparty, nor does he have standing as a third-party beneficiary because (1) the Sixth Circuit has specifically ruled that even intended third-party beneficiaries lack standing and (2) the *Lane* Agreement does not grant relief to such third parties.

In light of this court's lack of subject matter jurisdiction to hear plaintiff's claim, the undersigned finds it unnecessary to discuss defendant's Federal Rule 12(b)(6) motion to dismiss for failure to state a claim.

### III. RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss be **DENIED** in regards to its *res judicata* argument but **GRANTED** on the ground that the court lacks subject matter jurisdiction, and therefore, that this case be **DISMISSED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v.*

12

*Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 18th day of July, 2008.


/s/   John S. Bryant
John S. Bryant
United States Magistrate Judge